IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

    **Plaintiff,**

v.                                    CASE NO. 24-3147-JWL

BRIAN COLE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Joseph Lee Jones, who is currently detained at the Shawnee County Jail in Topeka, Kansas, brings this civil rights case under 42 U.S.C. § 1983. Plaintiff's claims are based on his dissatisfaction with the grievance process at the jail and staff's failure to supply him with a tablet to submit his grievances and failure to offer him access to the law library. (Doc. 1, at 2–5.) Plaintiff alleges that he saw medical staff on July 27, 2024, for his cellulitis and he needs medical assisted treatment for his addiction. *Id*. at 3. Plaintiff also alleges that he was ordered to push a cart from the annex to a higher security cellhouse. *Id*. at 5.

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2). Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may

---

[1] Prior to filing the instant complaint, the Court finds at least four prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Jones v. State of Kansas*, Case No. 12-3229-SAC (D. Kan.) (complaint dismissed August 21, 2013, as frivolous and as stating no claim for relief); *appeal dismissed* (10th Cir. August 14, 2014, additional "strike" assessed); *Jones v. Biltoft*, Case No. 14-3041-SAC (D. Kan.) (complaint dismissed May 28, 2014, as frivolous); *Jones v. U.S. Copyright Office*, Case No. 14-3078-SAC (D. Kan.) (complaint dismissed October 14,

proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

Plaintiff alleges that Defendants' "activities could be construed to kill the Plaintiff as he is a Christian Transhumanist to which taxes and formation has been slowed by arrest and prosecution and the need for some felons to have a gun in support of the 2nd Amendment or merely their service dog Buggatti . . .." (Doc. 1, at 10.) "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and attachments, and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the

---

2014, as stating no claim for relief); *Jones v. U.S. Copyright Office*, Case No. 14-3108-SAC (D. Kam.) (complaint dismissed August 27, 2014, as frivolous, duplicative, and abusive).

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

Plaintiff has also filed a motion (Doc. 3) purporting to be "in support of court order" and "in support of appointment of counsel." The motion is largely incomprehensible and discusses his "intelligence amplifier" and patent. (Doc. 3, at 2.) To the extent Plaintiff seeks any relief in his motion, it is denied without prejudice to refiling after he has paid the filing fee in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 13, 2024,** to submit the $405.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated August 28, 2024, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**