IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH LEE JONES,**

    **Plaintiff,**

    v.                                      CASE NO. 24-3147-JWL

**BRIAN COLE, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff, Joseph Lee Jones, who is currently detained at the Shawnee County Jail in Topeka, Kansas, brings this civil rights case under 42 U.S.C. § 1983. Plaintiff's claims are based on his dissatisfaction with the grievance process at the jail and staff's failure to supply him with a tablet to submit his grievances and failure to offer him access to the law library. (Doc. 1, at 2–5.) Plaintiff alleges that he saw medical staff on July 27, 2024, for his cellulitis and he needs medical assisted treatment for his addiction. *Id*. at 3. Plaintiff also alleges that he was ordered to push a cart from the annex to a higher security cellhouse. *Id*. at 5. Plaintiff alleges that Defendants' "activities could be construed to kill the Plaintiff as he is a Christian Transhumanist to which taxes and formation has been slowed by arrest and prosecution and the need for some felons to have a gun in support of the 2nd Amendment or merely their service dog Buggatti . . .." *Id*. at 10.

On August 28, 2024, the Court entered a Memorandum and Order (Doc. 4) denying Plaintiff leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and attachments and

found no showing of imminent danger of serious physical injury. The Court also granted Plaintiff until September 13, 2024, to submit the $405.00 filing fee.

Plaintiff has failed to submit the filing fee by the Court's deadline. Instead, he has filed a Moton for Injunctive Relief (Doc. 5), seeking an "emergency screening" and appointment of counsel. (Doc. 5, at 1.) Plaintiff argues that Defendants continue to block access to a tablet and fail to order a reset of the kiosk password. *Id*. at 2. Plaintiff also claims that by not allowing Plaintiff to start an MAT program for his opioid use disorder, the ADA is being violated. *Id*. at 3. Plaintiff's attachments to the motion are largely incomprehensible.

Plaintiff has also filed a motion (Doc. 6) titled a "motion to re-examine att[a]ched un-opened legal mail." The motion is largely incomprehensible and states that the mail "could have been delivered but local agents, of the past have effected the future." (Doc. 6, at 1.) Plaintiff then states that he is seeking his own civil commitment to the Osawatomie State Hospital. *Id*. Plaintiff attaches his application for defense counsel in his state criminal case and this Court's August 28, 2024 Memorandum and Order. (Doc. 6–1.)

Nothing in Plaintiff's motions or attachments shows that he meets the only exception to the prepayment requirement. "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time

is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court's order provides that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 4, at 3.) Plaintiff has failed to pay the filing fee by the deadline set forth in the order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Injunctive Relief (Doc. 5) and motion regarding unopened mail (Doc. 6) are **denied.**

**IT IS FURTHER ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated September 16, 2024, in Kansas City, Kansas.**

> S/ John W. Lungstrum
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE